UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| NORDSTROM, INC., a Washington corporation; and NIHC, INC., a Colorado corporation, | ) ) ) ) | Case No. _____ |
| Plaintiffs, | ) ) ) | COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK DILUTION; VIOLATION OF SECTION |
| v. | ) ) ) | 43(a) OF THE LANHAM ACT; VIOLATION OF |
| NOMORERACK RETAIL GROUP, INC., a Canadian corporation; and NOMORERACK.COM, INC., a Delaware corporation, | ) ) ) ) ) | ANTICYBERSQUATTING CONSUMER PROTECTION ACT; AND VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT |
| Defendants. | ) ) ) | |
| | ) ) | DEMAND FOR JURY TRIAL |
| | ) | |

1. This is an action by plaintiffs Nordstrom, Inc. and NIHC, Inc. (collectively, "Nordstrom"), for damages, injunctive relief, and attorneys' fees for defendants' willful misappropriation and dilution of and damage to Nordstrom's registered trademarks RACK®, THE RACK®, and NORDSTROM RACK® (collectively, the "Rack Marks").

2. Nordstrom is one of America's leading retailers of fashionable apparel and accessories, known worldwide for its service, selection, quality and value. Forty years ago, Nordstrom launched a new store known as "Nordstrom Rack" (also commonly referred to as "Rack" or "The Rack"), which has become one of the most successful concepts in retailing today. Rack offers apparel and accessories, as well as home accents, bath and beauty products,

COMPLAINT - 1

and other consumer goods, at deeply discounted prices. Unlike traditional full-price retail stores, however, Rack offers these discounts every day. The Rack has become a $2 billion per year enterprise, and is one of the most successful "off-price" retailers in America today, with 110 stores in 27 states and the District of Columbia. The Rack Marks are the centerpiece of The Rack's identity.

3.       Defendants Nomorerack Retail Group, Inc. and Nomorerack.com, Inc. (collectively, "NoMoreRack") have sought improperly to profit from Nordstrom's substantial investment in the Rack Marks by using the business name "No More Rack" and by registering and operating the infringing and dilutive domain names <nomorerack.com> and <friendrack.com>. Defendants use the <nomorerack.com> domain name as the URL of a website (the "NoMoreRack Site") that offers products directly competitive with those offered by Nordstrom under the Rack Marks. The <friendrack.com> domain name points to a page on the NoMoreRack Site offering rewards to customers who refer friends to NoMoreRack's site.

4.       NoMoreRack seeks simultaneously to trade off of the goodwill the Rack Marks have come to enjoy among customers, and to reduce the value of that goodwill by improperly associating Nordstrom and the Rack Marks with goods and services from unrelated sources. As a result, the Rack Marks' hard-won reputation for high quality merchandise and outstanding customer service is being diluted, the value of Nordstrom's trademarks is being diminished, and customers are being misled and confused.

5.       This action seeks damages for the harm defendants have caused to date and injunctive relief to prevent any further injury to Nordstrom.

## JURISDICTION AND VENUE

6.       This Court has jurisdiction over this action pursuant to: (i) 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), as an action for violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq*., the Federal Trademark Dilution Act, 15 U.S.C. §§ 1125(c) and 1127, and the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (ii) 28 U.S.C. § 1367(a), pursuant to the principles of supplemental jurisdiction; and (iii) the provisions of 28 U.S.C.

COMPLAINT - 2

§ 1338(b) as an action asserting a state-law claim for unfair competition joined with a substantial and related claim under the trademark laws.

7.      Nordstrom is informed and believes and thereupon alleges that venue of this action is proper in this district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claims herein occurred in this judicial district and/or a substantial part of the property that is the subject of the action is situated in this judicial district.

## THE PARTIES

8.      Plaintiff Nordstrom, Inc. is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located in Seattle, Washington. Since at least as early as 1975, Nordstrom, Inc. has continuously operated retail locations under the trade names "Rack," "The Rack," and "Nordstrom Rack."

9.      Plaintiff NIHC, Inc. is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business located in Portland, Oregon.  NIHC is a wholly-owned subsidiary of N2HC, Inc., which is in turn a wholly-owned subsidiary of Nordstrom, Inc.  Ownership of the trademarks described in this Complaint is vested in NIHC. Nordstrom, Inc. is a licensee of such trademarks.

10.     Nordstrom is informed and believes and thereupon alleges that defendant Nomorerack Retail Group, Inc. is a corporation organized and existing under the laws of Canada, with its principal place of business located in Vancouver, British Columbia, Canada.

11.     Nordstrom is informed and believes and thereupon alleges that defendant Nomorerack.com, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in New York, New York.  Nordstrom is informed and believes and thereupon alleges that each defendant was the agent, partner, joint venturer, co-conspirator, alter ego, parent and/or subsidiary of the other defendant and at all times herein mentioned acted within the course and scope of such relationship and/or had advance authority and authorization for each act or omission by each other defendant herein;

COMPLAINT - 3

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535

that each defendant aided and abetted the infringing acts of the other defendant; and/or that each defendant contributed to the infringing acts of the other defendant herein.

12.     NoMoreRack conducts business over the Internet through the NoMoreRack Site. Nordstrom is informed and believes and thereupon alleges that defendants, through the NoMoreRack Site, offer to sell and do sell products to customers throughout the United States, including in this judicial district.  Nordstrom is further informed and believes and thereupon alleges that defendants transact business within this district, derive revenue from intrastate and interstate commerce, and have committed tortious acts within this district and also without this district having consequences within this district.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### Nordstrom and its Business

13.     Nordstrom is one of the leading fashion specialty retailers in America today. Founded in 1901 as a single shoe store in Seattle, Nordstrom has grown to operate 231 U.S. stores located in 31 states, including 110 Rack stores in 27 states and the District of Columbia. Nordstrom also serves, and sells to, its customers online through its website located at the URLs <nordstrom.com>, <nordstromrack.com> and, more recently, through its wholly-owned subsidiary HauteLook.com.

14.     Nordstrom is renowned for its high level of customer service and its selection of the finest apparel, shoes, accessories, home accents, and bath and beauty for the entire family. The company's philosophy has remained unchanged since it was founded 111 years ago:  offer the customer the best possible service, selection, quality and value.

### The Rack Stores

15.     Nordstrom Rack is a retail concept developed by Nordstrom to cater to shoppers who prize both quality  and value.  The Rack appeals to customers seeking designer and other brand-name goods sold at Nordstrom "full-line" stores (*i.e.,* those operated under the NORDSTROM® brand) at deeply discounted prices.

COMPLAINT - 4

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535

081600.0374/5511041.1

16.     Nordstrom opened its first Rack location in 1973 as an alternative method for the company's full-line stores to sell slow-moving merchandise.  Rather than limiting itself to traditional clearance sales (in which goods remain on the floor of the full-line stores but are, for a short period of time, marked down to move quickly), Nordstrom began to transfer its slower-moving merchandise to a separate location, where its customers could find NORDSTROM®-quality goods at 30-70% discounts—and could find those bargains every single day.

17.     In the 1980s, Nordstrom began to open free-standing, separately branded NORDSTROM RACK® stores.  For many years, these Rack stores sold clearance merchandise from Nordstrom full-line stores, along with some overstock and end-of-season merchandise from select Nordstrom vendors.  By the 1990s, however, The Rack had begun to add "special purchase" merchandise, *i.e.,* items purchased specifically for The Rack and shipped directly from the manufacturer to Rack stores.  As a result, The Rack now offers a broad selection of high-quality brand-name apparel, accessories, shoes, bath and beauty products, and home accents.   Today, approximately 15-20% of Rack goods are items originally offered in Nordstrom full-line stores or on Nordstrom.com, while the remaining 80-85% is special purchase items.  The Rack continues to offer a broad range of NORDSTROM®-quality goods at discounts from 30-70%.  Customers can also purchase Rack merchandise online.

18.     In the early 2000s, Nordstrom began a major expansion of The Rack.  Between 2004 and the present, The Rack's store count increased from 48 to 110, Rack's annual revenues increased from approximately $800 million to more than $2 billion, and Rack's geographic scope expanded from less than 50 to more than 100 metropolitan areas in 27 states and the District of Columbia.  Throughout this expansion, Rack continued to generate the highest per square foot revenue of any group of stores in its class.

19.     Nordstrom has opened 15 new Rack stores in the last 12 months, has announced plans to open 24 additional Rack locations in 2013, and expects to have a total of over 230 Rack stores in operation by the end of 2016.  The Rack's success is due in large part to the strong and positive reputation it has developed among customers, who recognize that the Rack:

COMPLAINT - 5

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535

081600.0374/5511041.1

(1) is an affiliate of Nordstrom and shares the NORDSTROM® brand's reputation for excellence; and (2) offers merchandise that, while sold at discount prices, includes the same range of high-quality brands offered by full-price retailers.  The Rack competes in the "off-price" segment of the retail market, which includes merchants who offer products at discount prices.

### The Rack Marks

20.     Since the inception of the Rack concept, Nordstrom has continuously used the Rack Marks to identify goods and services offered by its Rack stores.  The Rack Marks are the subject of U.S. Trademark Registrations Nos. 3,866,811 for RACK®; 3,962,979 for THE RACK®; and 1,409,938, 2,980,055 and 3,893,991 for NORDSTROM RACK®.  True and correct copies of pages printed from the United States Patent and Trademark Office website (uspto.gov) reflecting those registrations are attached hereto as Exhibits A-E.  Nordstrom has spent substantial time, effort and money advertising and promoting the Rack Marks throughout the United States.  As a result, the Rack Marks have become famous and highly distinctive trademarks.

### Defendants' Misappropriation and Misuse of the Rack Marks

21.     NoMoreRack has sought to capitalize on the reputation of the Rack Marks by, in effect, stealing Nordstrom's significant investment in them.

22.     On a date unknown to Nordstrom but believed to have been in late 2010, NoMoreRack began to operate the NoMoreRack Site, on which customers throughout the U.S., including those who reside in this judicial district, can shop for and purchase discounted brand-name products.  The NoMoreRack Site is a new type of off-price retail concept, known as a "flash sale" website.  Flash sale sites generally offer a particular set of goods at deep discounts, but only for short periods of time.  Many flash sale sites have become successful in a very short time, and many brick & mortar retailers have begun to use the increasingly popular flash sale model to further increase visibility and sales of off-price merchandise.

23.     In or about January 2011, NoMoreRack expanded its use of "Rack" to identify its goods and services.  Specifically, NoMoreRack launched "FriendRack," a referral program

COMPLAINT - 6

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535

through which NoMoreRack awards free merchandise to customers who refer other customers to the NoMoreRack Site. The <friendrack.com> domain name points to a page on the NoMoreRack Site that explains the terms and conditions of defendants' FriendRack referral rewards program.

24.     Nordstrom is informed and believes and thereupon alleges that NoMoreRack chose the <nomorerack.com> and <friendrack.com> domains, and corresponding business and brand names, with the intent and purpose of trading off the goodwill that the Rack Marks enjoy and/or misleading and confusing consumers. Nordstrom is informed and believes and on that basis alleges that defendants knew when they began to operate the NoMoreRack Site that Nordstrom had invested over four decades of time, effort and money into developing in the Rack Marks a reputation for excellent customer service and quality discount merchandise. NoMoreRack's business did not have a brand identity that could possibly attract such high levels of customer goodwill and name association. Thus, rather than develop goodwill in independently created trademarks, NoMoreRack simply misappropriated The Rack's hard-won reputation.

25.     Defendants' NoMoreRack Site  and FriendRack referral rewards program create a likelihood that customers will be misled and confused as to the source of the goods and services offered by NoMoreRack and/or the sponsorship or endorsement of the NoMoreRack Site by, or the affiliation of the NoMoreRack Site with, Nordstrom. The likelihood of such confusion is increased by NoMoreRack's choice of two domain names incorporating the "Rack®" mark in its entirety, and the sale on the NoMoreRack Site of goods that are directly competitive with those offered under the genuine Rack Marks.

26.     As a result of the foregoing, Nordstrom's reputation is being injured, customers are less able to identify and distinguish the goods and services offered under the Rack Marks, and the value and distinctiveness of the Rack Marks are being diminished. Nordstrom is informed and believes and thereupon alleges that, absent the intervention of this Court, NoMoreRack's illegal actions will continue, and Nordstrom and customers will continue to be harmed.

COMPLAINT - 7

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535

27.     Nordstrom is informed and believes and thereupon alleges that NoMoreRack is receiving financial gain by reason of the infringing use of the <nomorerack.com> and <friendrack.com> domain names and operation of the NoMoreRack Site.  Moreover, absent an injunction, NoMoreRack could expand its infringing activities by using the "NoMoreRack" and "FriendRack" names in other ways, such as linking to third-party websites, allowing advertising on the NoMoreRack Site in exchange for commissions, "selling" the names, pointing Internet users who seek to reach the NoMoreRack Site to third-party websites in exchange for "click-through" revenues from such sites, and/or opening brick & mortar store locations in the U.S. under the "Nomorerack" name.

**Nordstrom's Attempts Informally to Resolve This Matter**

28.     Nordstrom did not learn of the NoMoreRack Site until early 2012.  (At that time, NoMoreRack was a small, Canadian start-up company with no physical presence in the United States and little visibility in the off-price marketplace.)  Nordstrom promptly put NoMoreRack on notice that the "NoMoreRack" name infringes the Rack Marks and demanded that NoMoreRack cease use of all variations of the Rack Marks in a manner that might confuse customers.  Despite subsequent negotiations between the parties,  NoMoreRack has to date refused to comply with Nordstrom's demands.  Nordstrom has been left with no choice but to institute the instant action seeking judicial protection of its rights.

**First Claim for Relief**

**(Trademark Infringement, 15 U.S.C. § 1114(1))**

29.     Nordstrom specifically realleges and incorporates herein by reference each and every allegation set forth above.

30.     Nordstrom owns the exclusive trademark rights and privileges in and to the Rack Marks.  The United States Patent and Trademark Office has granted federal trademark registrations to the Rack Marks.  Copies of pages printed from the United States Patent and Trademark Office website (uspto.gov) reflecting these registrations are attached hereto as Exhibits A-E.

COMPLAINT - 8

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535

31.     NoMoreRack is using copies or colorable imitations of the Rack Marks in a manner that is likely to confuse, deceive and/or cause mistake among customers and therefore infringes Nordstrom's rights in the Rack Marks in violation of 15 U.S.C. § 1114(1).

32.     Nordstrom has no adequate remedy at law for NoMoreRack's infringement of the Rack Marks, in that:  (i) the Rack Marks are unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Nordstrom resulting from the infringement are not precisely and fully ascertainable; (iii) the infringement injures and threatens to continue to injure Nordstrom's reputation and goodwill; and (iv) the damage resulting to Nordstrom from defendants' wrongful conduct, and the conduct itself, are continuing, and Nordstrom would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby.

33.     Unless restrained, NoMoreRack's infringement of the Rack Marks will continue to cause irreparable injury to Nordstrom, both during the pendency of this action and thereafter. If Nordstrom cannot control the goodwill of its trademarks or their dilution, the 40 years of promotion of the Rack brand and the substantial financial investment it has made in developing consumer recognition of those marks  will have been for nothing.  Nordstrom is therefore entitled to an order from this Court preliminarily and permanently enjoining defendants and their agents, employees and others acting in concert with them, from directly or indirectly infringing the Rack Marks in any manner, including by using any mark, design or logo that is confusingly similar to the Rack Marks in connection with the sale, offer for sale, advertising, or promotion of any goods or services.

34.     Nordstrom is further entitled to recover damages sustained in consequence of defendants' wrongful conduct, in an amount to be determined; to recover defendants' profits; and to recover Nordstrom's attorneys' fees and other costs herein.  Based upon the circumstances of the case, including the willful nature of defendants' conduct, Nordstrom is further entitled to recover treble the amount found as actual damages pursuant to 15 U.S.C. § 1117.

COMPLAINT - 9

**Second Claim for Relief**

**(Trademark Infringement Under Washington State Common Law)**

35.     Nordstrom specifically realleges and incorporates herein by reference each and every allegation set forth above.

36.     The acts and conduct of NoMoreRack, as alleged above, constitute infringement of Nordstrom's Washington State common law rights in the Rack Marks.  Nordstrom has registered the Rack Marks and its use is prior to that of defendants' efforts at misappropriation.

37.     Defendants' acts and conduct as alleged above have damaged and will continue to damage Nordstrom in an amount that is unknown at the present time.

**Third Claim for Relief**

**(Trademark Dilution, 15 U.S.C. §§ 1125(c) and 1127)**

38.     Nordstrom specifically realleges and incorporates herein by reference each and every allegation set forth above.

39.     Nordstrom has used and continues to use the Rack Marks in interstate commerce.  The Rack Marks have become and continue to be "famous" within the meaning of 15 U.S.C. § 1125(c).

40.     Defendants have made and continue to make commercial use in commerce of a variation of the Rack Marks in a manner that is likely to cause dilution of the distinctive quality of the Rack Marks and lessen the capacity of the Rack Marks to identify and distinguish Nordstrom's goods and services.  Defendants' use of the infringing and dilutive NoMoreRack and FriendRack names began after Nordstrom's Rack Marks had become famous.

41.     Nordstrom is entitled to an order from this Court preliminarily and permanently enjoining defendants, their agents, employees and others acting in concert with them, from directly or indirectly making any further commercial use of the "NoMoreRack" and "FriendRack" names, the <nomorerack.com> and <friendrack.com> domain names, or any other names, marks or logos that are similar to the Rack Marks.

COMPLAINT - 10

42.     Because defendants have willfully intended to cause dilution of the Rack Marks, Nordstrom is further entitled, pursuant to 15 U.S.C. §§ 1117 and 1125(c)(5), to recover all damages sustained as a result of defendants' unlawful conduct, including:  (i) defendants' profits; (ii) Nordstrom's damages; (iii) Nordstrom's costs of suit; (iv) Nordstrom's reasonable attorneys' fees; and (v) treble the amount found as actual damages.

## Fourth Claim for Relief

### (Trademark Dilution, RCW § 19.77.160)

43.     Nordstrom specifically realleges and incorporates herein by reference each and every allegation set forth above.

44.     The acts and conduct of defendants as alleged above constitute the unauthorized, commercial use of famous trademarks of Nordstrom, commencing after those marks had become famous.

45.     The acts and conduct of defendants as alleged above cause dilution of the distinctive quality of the Rack Marks, and lessen the capacity of such marks to identify and distinguish Nordstrom's goods and services in violation of RCW Sections 19.77.160 and 19.77.010.

46.     Defendants' acts and conduct as alleged above have damaged and will continue to damage Nordstrom in an amount that is unknown at the present time.

47.     Nordstrom is entitled to an order from this Court preliminarily and permanently enjoining defendants, their agents, employees and others acting in concert with them, from directly or indirectly making any further commercial use of the "NoMoreRack" and "FriendRack" names, the <nomorerack.com> and <friendrack.com> domain names, or any other names, marks or logos that are similar to the Rack Marks.

48.     Because defendants have willfully intended to cause dilution of the Rack Marks, Nordstrom is entitled, pursuant to RCW §§ 19.77.160 and 19.77.150, to recover all damages sustained as a result of defendants' unlawful conduct, including:  (i) defendants' profits;

COMPLAINT - 11

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535

081600.0374/5511041.1

(ii) Nordstrom's actual damages; (iii) Nordstrom's costs of suit; (iv) Nordstrom's reasonable attorneys' fees; and (v) treble the amount found as actual damages.

## Fifth Claim for Relief

### (Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

49.     Nordstrom specifically realleges and incorporates herein by reference each and every allegation set forth above.

50.     The acts of defendants alleged herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendants with Nordstrom, or as to the sponsorship, or approval of defendants' goods, services or commercial activities by Nordstrom.  Defendants' actions further misrepresent the nature, characteristics or qualities of defendants' goods, services or commercial activities.

51.     Nordstrom has no adequate remedy at law for the foregoing wrongful conduct of defendants, in that:  (i) defendants' actions damage and threaten to continue to damage Nordstrom's unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Nordstrom from defendants' wrongful actions are not precisely and fully ascertainable; (iii) the wrongful acts of defendants injure and threaten to continue to injure Nordstrom's reputation and goodwill; and (iv) the damage resulting to Nordstrom from defendants' wrongful conduct, and the conduct itself, are continuing, and Nordstrom would be required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

52.     Unless restrained, the foregoing wrongful acts of defendants will continue to cause irreparable injury to Nordstrom, both during the pendency of this action and thereafter. Nordstrom is therefore entitled to an order from this Court preliminarily and permanently enjoining defendants and their agents, employees and others acting in concert with them, from directly or indirectly:  (i) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service which tends to relate or connect such product or service in any way to Nordstrom or to any goods or services offered,

COMPLAINT - 12

provided, sold, manufactured, sponsored or approved by, or connected with Nordstrom; or (ii) making any false description or representation of origin concerning any goods or services offered for sale by defendants, or either of them.

53.    Nordstrom is further entitled to recover damages sustained in consequence of defendants' wrongful conduct, in an amount to be determined, and to recover its attorneys' fees and costs herein.

### Sixth Claim for Relief

### (Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

54.    Nordstrom specifically realleges and incorporates herein by reference each and every allegation set forth above.

55.    By virtue of Nordstrom's prominent, long and continuous use of the Rack Marks in interstate commerce, the Rack Marks have become and continue to be "famous" within the meaning of 15 U.S.C. § 1125(c).

56.    Defendants' domain names <nomorerack.com> and <friendrack.com> are confusingly similar to and/or dilutive of Nordstrom's Rack Marks.  Nordstrom is informed and believes and thereupon alleges that defendants registered and used the domain names <nomorerack.com> and <friendrack.com> with a bad faith intent to profit from the Rack Marks.

57.    Defendants' choice of <nomorerack.com> and <friendrack.com> as domain names was not based in any way on defendants' legal name or any name that otherwise was commonly used to identify defendants.  Prior to receiving notice of their infringing acts, defendants never used the <nomorerack.com> and <friendrack.com> domain names in connection with a *bona fide* offering of any goods or services.

58.    Nordstrom has no adequate remedy at law for the foregoing wrongful conduct of defendants, in that:  (i) defendants' actions damage and threaten to continue to damage Nordstrom's unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Nordstrom from defendants' wrongful actions are

COMPLAINT - 13

not precisely and fully ascertainable; (iii) the wrongful acts of defendants injure and threaten to continue to injure Nordstrom's reputation and goodwill; and (iv) the damages resulting to Nordstrom from defendants' wrongful conduct, and the conduct itself, are continuing, and Nordstrom would be required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

59.     Unless restrained, the foregoing wrongful acts of defendants will continue to cause irreparable injury to Nordstrom, both during the pendency of this action and thereafter. Therefore, this Court should enter orders: (a) preliminarily and permanently enjoining defendants and their agents, employees and others acting in concert with them from directly or indirectly using or trafficking in the <nomorerack.com> and <friendrack.com> domain names and/or registering, using or trafficking in Internet domain names that are dilutive of or confusingly similar to any of the Rack Marks; and (b) requiring defendants to forfeit and to transfer to Nordstrom the <nomorerack.com> and <friendrack.com> domain names and any and all other domain names that the Court determines to be confusingly similar to or to dilute any of the Rack Marks.

60.     Nordstrom is further entitled to recover damages sustained in consequence of defendants' wrongful conduct, in an amount to be determined; to recover defendants' profits; and to recover its attorneys' fees and other costs herein.  Based upon the circumstances of the case, including the willful, deliberate and intentional nature of defendants' conduct, including the extent of the unlawful conduct, Nordstrom is further entitled, pursuant to 15 U.S.C. § 1117(d), to recover statutory damages of $100,000 per domain name.

## Seventh Claim for Relief

**(Violation of the Washington Consumer Protection Act, RCW § 19.86.020, *et seq.*)**

61.     Nordstrom specifically realleges and incorporates herein by reference each and every allegation set forth above.

62.     Defendants' activities, as alleged above, constitute unfair methods of competition, and unfair or deceptive acts or practices in the conduct of trade or commerce, in

COMPLAINT - 14

violation of RCW §§ 19.86.020, *et seq.*   Among other things, defendants have engaged in (1) acts that are deceptive *per se* in that they violate multiple statutes aimed at protecting the public against confusion; and (2) they have engaged in activities that have the capacity to materially mislead a large portion of the public because NoMoreRack operates over the Internet and promotes itself widely.

63.   Defendants' conduct affects and is contrary to the public interest and tends to mislead a substantial portion of the public as to the source, origin or approval of the infringing "NoMoreRack" and "FriendRack" products and services, causing Nordstrom injury in its business and property in the State of Washington.

64.   As a result of defendants' deceptive acts and practices, and the resulting customer confusion, Nordstrom has suffered and will continue to suffer losses and irreparable injury to its business reputation and goodwill in amounts not yet ascertained.   Nordstrom's remedy at law is not itself adequate to compensate it for injuries inflicted and threatened by defendants.

65.   Nordstrom is entitled to an order from this Court preliminarily and permanently enjoining defendants, their agents, employees and others acting in concert with them, from directly or indirectly making any further commercial use of the "NoMoreRack" and "FriendRack" names, the <nomorerack.com> and <friendrack.com> domain names, or any other names, marks or logos that are similar to the Rack Marks.

66.   Pursuant to RCW § 19.86.090, Nordstrom is further entitled to actual and trebled damages, attorneys' fees, and costs of suit.

## PRAYER AND JURY DEMAND

Pursuant to Fed. R. Civ. Proc. 38(b), plaintiffs Nordstrom, Inc. and NIHC, Inc. hereby demand trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

WHEREFORE, plaintiffs pray for judgment as follows:

COMPLAINT - 15

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535

081600.0374/5511041.1

1. On each and every Claim for Relief alleged herein, for damages according to proof;

2. On each and every Claim for Relief alleged herein, for preliminary and permanent injunctive relief as hereinabove described;

3. On the First, Third, Fifth and Sixth Claims for Relief alleged herein, for attorneys' fees and enhanced or statutory damages as provided by law;

4. On the First, Third, Fourth, Sixth and Seventh Claims for Relief alleged herein, for attorneys' fees, disgorgement of defendants' profits and enhanced damages as provided by law;

5. For plaintiffs' costs of suit herein, including its reasonable attorneys' fees; and

6. For such other, further or different relief as this Court may deem just and proper.


Dated: October 19, 2012.                    BAKER WILLIAMS MATTHIESEN LLP

                                            By /s/ John C. Rawls
                                                John C. Rawls, WSBA No. 44522
                                                1177 West Loop South, Suite 1600
                                                Houston, Texas 77027
                                                T: 713-888-3535
                                                F: 713-888-3550
                                                rocky@bwmtx.com

                                            By /s/ Valyncia Simmons
                                                Valyncia Simmons, WSBA No. 44017
                                                1725 I Street NW, Suite 300
                                                Washington, DC 20006
                                                T:  202-349-1136
                                                F:  202-349-3915
                                                valyncia@bwmtx.com

COMPLAINT - 16

081600.0374/5511041.1

1

2          LANE POWELL PC

3

4          By  /s/ James B. Stoetzer
               James B. Stoetzer, WSBA No. 06298
5
           By  /s/ Tiffany Scott Connors
6              Tiffany Scott Connors, WSBA No. 41740
               1420 Fifth Avenue, Suite 4200
7              Seattle, Washington 98101
               T:  206-223-7000
8              F:  206-223-7107
               stoetzerj@lanepowell.com
9              connorst@lanepowell.com

10         ATTORNEYS FOR PLAINTIFFS
           NORDSTROM, INC. AND NIHC, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT - 17

081600.0374/5511041.1

1

## JURY DEMAND

2      Pursuant to Fed. R. Civ. P. 38(b), plaintiffs hereby demand trial by jury of all issues so

3 triable that are raised herein or which hereinafter may be raised in this action.

4 Dated:  October 19, 2012.                      BAKER WILLIAMS MATTHIESEN LLP

5                                                By /s/ John C. Rawls
6                                                     John C. Rawls, WSBA No. 44522
                                                     1177 West Loop South, Suite 1600
                                                     Houston, Texas 77027
7                                                     T: 713-888-3535
                                                     F: 713-888-3550
8                                                     rocky@bwmtx.com

9                                                By /s/ Valyncia Simmons
                                                ___  Valyncia Simmons, WSBA No. 44017
10                                                    1725 I Street NW, Suite 300
                                                     Washington, DC 20006
11                                                    T:  202-349-1136
                                                     F:  202-349-3915
12                                                    valyncia@bwmtx.com

13                                               LANE POWELL PC

14

15                                               By   /s/ James B. Stoetzer
                                                     James B. Stoetzer, WSBA No. 06298
16

17                                               By   /s/Tiffany Scott Connors
                                                     Tiffany Scott Connors, WSBA No. 41740
18                                                    1420 Fifth Avenue, Suite 4200
                                                     Seattle, Washington 98101
19                                                    T:  206-223-7000
                                                     F:  206-223-7107
20                                                    stoetzerj@lanepowell.com
                                                     connorst@lanepowell.com
21
                                                 ATTORNEYS FOR PLAINTIFFS
22                                               NORDSTROM, INC. AND NIHC, INC.

23

24

25

26

27

COMPLAINT - 18

# EXHIBIT

# A

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Aug 13 05:21:28 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# RACK

| | |
|---|---|
| **Word Mark** | RACK |
| **Goods and Services** | IC 035. US 100 101 102. G & S: retail store services and mail order catalog services featuring apparel, footwear, fashion accessories and gifts. FIRST USE: 19900000. FIRST USE IN COMMERCE: 19900000 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77942725 |
| **Filing Date** | February 23, 2010 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | August 10, 2010 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | **3866811** |
| **Registration Date** | October 26, 2010 |
| **Owner** | (REGISTRANT) Nordstrom, Inc. CORPORATION WASHINGTON Suite 500 1617 Sixth Avenue Seattle WASHINGTON 98101 |
| | (LAST LISTED OWNER) NIHC, INC. CORPORATION COLORADO 701 SOUTHWEST BROADWAY 4TH FLOOR PORTLAND OREGON 972053398 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |

| | |
|---|---|
| **Attorney of Record** | William O. Ferron, Jr. |
| **Prior Registrations** | 1409938;2980055 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT

# B

COMPLAINT – EXHIBIT

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Aug 13 05:21:28 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# THE RACK

| | |
|---|---|
| **Word Mark** | THE RACK |
| **Goods and Services** | IC 035. US 100 101 102. G & S: retail store services, online retail store services and mail order catalog services featuring apparel, footwear, fashion accessories and gifts. FIRST USE: 19900000. FIRST USE IN COMMERCE: 19900000 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77942736 |
| **Filing Date** | February 23, 2010 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | August 10, 2010 |
| **Registration Number** | **3962979** |
| **Registration Date** | May 17, 2011 |
| **Owner** | (REGISTRANT) Nordstrom, Inc. CORPORATION WASHINGTON 1617 Sixth Avenue Suite 500 Seattle WASHINGTON 98101 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | William O. Ferron, Jr. |
| **Prior Registrations** | 1409938;2980055 |
| **Type of Mark** | SERVICE MARK |

| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

TESS HOME    NEW USER    STRUCTURED    FREE FORM    BROWSE DICT    SEARCH OG    TOP    HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT
# C

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Mon Aug 13 05:21:28 EDT 2012

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [        ]  OR  Jump  to record: [        ]  **Record 18 out of 18**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | NORDSTROM RACK |
| **Goods and Services** | IC 042. US 101. G & S: RETAIL MEN'S AND WOMEN'S CLOTHING STORE SERVICES. FIRST USE: 19721000. FIRST USE IN COMMERCE: 19721000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 73580518 |
| **Filing Date** | January 31, 1986 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 24, 1986 |
| **Registration Number** | 1409938 |
| **Registration Date** | September 16, 1986 |
| **Owner** | (REGISTRANT) NORDSTROM, INC. CORPORATION WASHINGTON 1321 SECOND AVENUE SEATTLE WASHINGTON 98111 |
| | (LAST LISTED OWNER) NIHC, INC. CORPORATION COLORADO 701 S.W. BROADWAY PORTLAND OREGON 97205 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | WILLIAM O. FERRON, JR. |
| **Prior Registrations** | 1280785;1280997;1281000 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20061122. |
| **Renewal** | 1ST RENEWAL 20061122 |

**Live/Dead Indicator** LIVE



|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT

# D

COMPLAINT – EXHIBIT

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Aug 13 05:21:28 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

[ Logout ]  Please logout when you are done to release system resources allocated for you.

[ Start ]  List At: [          ]  OR  [ Jump ]  to record: [          ]    **Record 2 out of 4**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | NORDSTROM RACK NR |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Retail store [ and online retail ] services, all in the field of apparel, footwear, small leather goods, eyewear, jewelry, and bath, body and personal care products; retail [ and online retail ] gift shop services. FIRST USE: 20010400. FIRST USE IN COMMERCE: 20010400 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.01.21 - Circles that are totally or partially shaded. |
| **Serial Number** | 78976100 |
| **Filing Date** | October 16, 2002 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | July 29, 2003 |
| **Registration Number** | 2980055 |
| **Registration Date** | July 26, 2005 |
| **Owner** | (REGISTRANT) Nordstrom, Inc. CORPORATION WASHINGTON 1700 Seventh Avenue 8th Floor Seattle WASHINGTON 98101 |
| | (LAST LISTED OWNER) NIHC, INC. CORPORATION COLORADO 701 SOUTHWEST BROADWAY 4TH FLOOR PORTLAND OREGON 972053398 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |

| | |
|---|---|
| **Attorney of Record** | William O. Ferron, Jr. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST

FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT

# E

COMPLAINT – EXHIBIT

BAKER WILLIAMS MATTHIESEN LLP
1177 West Loop South, Ste. 1600
Houston, Texas  77027
(713) 888-3535



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Aug 13 05:21:28 EDT 2012*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout Please logout when you are done to release system resources allocated for you.

Start List At: ____ OR Jump to record: ____ **Record 1 out of 18**

TARR Status | ASSIGN Status | TDR | TTAB Status ( Use the "Back" button of the Internet Browser to return to TESS)

# NORDSTROM
# rack

| | |
|---|---|
| **Word Mark** | NORDSTROM RACK |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Retail store services featuring apparel, footwear, fashion accessories and gifts. FIRST USE: 20080925. FIRST USE IN COMMERCE: 20080925 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Trademark Search Facility Classification Code** | SHAPES-MISC Miscellaneous shaped designs |
| **Serial Number** | 85049432 |
| **Filing Date** | May 27, 2010 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | October 5, 2010 |
| **Registration Number** | 3893991 |
| **Registration Date** | December 21, 2010 |
| **Owner** | (REGISTRANT) Nordstrom, Inc. CORPORATION WASHINGTON Suite 500 1617 Sixth Avenue Seattle WASHINGTON 98101 |

(LAST LISTED OWNER) NIHC, INC. CORPORATION COLORADO 701 SOUTHWEST BROADWAY 4TH FLOOR PORTLAND OREGON 972053398

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | William O. Ferron, Jr. |
| **Prior Registrations** | **1409938**;2980055;3029052;AND OTHERS |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the word "NORDSTROM" above the word "RACK". |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY