THE HONORABLE RICARDO S. MARTINEZ

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  NORDSTROM, INC., a Washington
    corporation; and NIHC, INC., a Colorado

11  corporation,

12                              Plaintiffs,

13      v.

14  NOMORERACK RETAIL GROUP, INC.,
    a Canadian corporation; and

15  NOMORERACK.COM, INC., a Delaware
    corporation,

16

17                              Defendants.

No. 2:12-cv-01853-RSM

**DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER ON
PLAINTIFFS' SUBPOENAS *DUCES
TECUM***

**NOTE ON MOTION CALENDAR:
October 11, 2013**

18      Defendants NoMoreRack Retail Group, Inc. and NoMoreRack.com, Inc. (together,

19  "***NoMoreRack***"), by counsel, and pursuant to the Federal Rules of Civil Procedure, move this

20  Court for entry of a protective order prohibiting Plaintiffs Nordstrom, Inc. and NIHC, Inc.

21  from obtaining the documents sought in the subpoenas *duces tecum* issued to Facebook, Inc.,

22  Google, Inc. and the Better Business Bureaus of Metropolitan New York and Delaware, and

23  set forth the following:[1]

24

25  ---
    [1] Pursuant to F.R.C.P. 26(c)(1) and LCR 26(c)(1), NoMoreRack certifies that it has in good faith conferred or
    attempted to confer with the affected parties in an effort to resolve the dispute without court action. Defense

26  counsel Jonathan Frieden conferred with plaintiffs' counsel John Rawls by telephone on September 24th, 26th,
    27th, and 30th and exchanged emails on September 24th, 26th, 27th, and 30th in an effort to limit the breadth of the

27  subpoenas or have them withdrawn.

DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER ON PLAINTIFFS' SUBPOENAS DUCES
TECUM
(NO. 2:12-CV-01853-RSM) - 1
5517/001/274500.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

1

## I.  INTRODUCTION/PROCEDURAL BACKGROUND

2   Plaintiffs Nordstrom, Inc. and NIHC, Inc. (together, "***Nordstrom***") filed the instant suit

3   against NoMoreRack, alleging that NoMoreRack's use of its NOMORERACK and

4   FRIENDRACK marks (together, the "***NoMoreRack Marks***") infringes and dilutes, by

5   tarnishment, Nordstrom's RACK, THE RACK, and NORDSTROM RACK trademarks

6   (together, the "***Rack Marks***" or "***Nordstrom's Rack Marks***").  In addition, Nordstrom

7   unsuccessfully sought a preliminary injunction against NoMoreRack, which was denied by

8   this Court, in part, because it found that "Nordstrom likely cannot prevail on the merits of

9   either the trademark infringement or dilution by tarnishment claims."  (Doc. No. 68, at 26).

10  NoMoreRack timely answered Nordstrom's complaint and filed a counterclaim seeking

11  cancellation of the registrations for RACK and THE RACK and seeking declaratory

12  judgments that the NoMoreRack Marks are not confusingly similar to, and do not infringe, the

13  Rack Marks.

14

### THE FACEBOOK SUBPOENA

15  On September 12, 2013, Nordstrom served a Subpoena to Produce Documents,

16  Information, or Objects or to Permit Inspection of Premises in a Civil Action on Facebook,

17  Inc. ("***Facebook***") seeking ten categories of documents (the "***Facebook Subpoena***").[2]

18  Facebook, by counsel, objected to the Facebook Subpoena by letter dated September 25, 2013,

19  arguing, *inter alia*, that much of the information sought by Nordstrom is protected by the

20  federal Stored Communications Act, 18 U.S.C. §2701, *et seq.*, that the information sought is

21  overly broad and irrelevant, and that the Facebook Subpoena imposes an undue burden on

22  Facebook, a non-party to this litigation.[3]  For these same reasons, NoMoreRack seeks the entry

23  of a protective order with respect to the Facebook Subpoena.

24

25

26

[2] A true and accurate copy of the Facebook Subpoena is attached hereto and incorporated herein as Exhibit A.

[3] A true and accurate copy of Facebook's September 25, 2013 letter is attached hereto and incorporated herein as

27  Exhibit B.

DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER ON PLAINTIFFS' SUBPOENAS DUCES
TECUM
(NO. 2:12-CV-01853-RSM) - 2
5517/001/274500.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

| | |
|---|---|
| 1 | **THE GOOGLE SUBPOENA** |
| 2 | On September 12, 2013, Nordstrom served a Subpoena to Produce Documents, |
| 3 | Information, or Objects or to Permit Inspection of Premises in a Civil Action on Google, Inc. |
| 4 | ("***Google***") seeking eleven categories of documents relating to keywords and Google searches |
| 5 | of NoMoreRack, FriendRack and BidRack (the "***Google Subpoena***").[4]  Google objected to the |
| 6 | Subpoena by letter dated September 17, 2013, arguing, *inter alia*, that the Google Subpoena |
| 7 | seeks both confidential and proprietary information and information that is irrelevant and not |
| 8 | likely to lead to the discovery of admissible evidence, and that it imposes an undue burden on |
| 9 | Google.[5]  Moreover, the requests set forth in the Google Subpoena are so overly broad that |
| 10 | they could conceivably encompass information protected by the federal Stored |
| 11 | Communications Act, 18 U.S.C. §2701, *et seq.* |
| 12 | **THE BETTER BUSINESS BUREAU SUBPOENAS** |
| 13 | On September 12, 2013, Nordstrom served two identical Subpoenas to Produce |
| 14 | Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on |
| 15 | the Better Business Bureaus of Metropolitan New York and Delaware (together, the "***BBB***") |
| 16 | seeking ten categories of documents relating to communications and complaints to the BBB |
| 17 | regarding NoMoreRack, BidRack, and several named individuals (collectively, the "***BBB*** |
| 18 | ***Subpoenas***").[6]  NoMoreRack seeks a protective order with respect to the BBB Subpoenas |
| 19 | because they are facially over broad and seek information that is not relevant or reasonably |
| 20 | calculated to lead to the discovery of admissible evidence. |
| 21 | |
| 22 | |
| 23 | |
| 24 | |

---

25  [4] A true and accurate copy of the Google Subpoena is attached hereto and incorporated herein as <u>Exhibit C</u>.
26  [5] A true and accurate copy of Google's September 17, 2013 letter is attached hereto and incorporated herein as <u>Exhibit D</u>.
27  [6] A true and accurate copy of the BBB Subpoenas are attached hereto and incorporated herein collectively as <u>Exhibit E</u>.  Because both Subpoenas seek identical documents, NoMoreRack will analyze both collectively.

DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER ON PLAINTIFFS' SUBPOENAS DUCES
TECUM
(NO. 2:12-CV-01853-RSM) - 3
5517/001/274500.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

# II. ARGUMENT

**A.      Standard of Review**

Rule 26(c) of the Federal Rules of Civil Procedure (the "***Federal Rules***") provides that "[a] party . . . may move for a protective order in the court where the action is pending . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Federal Rule 45 governs non-party discovery by subpoena.  "The scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 34, which in turn is the same as under Rule 26(b)."  *Chevron Corp. v. Donziger*, 2013 WL 4536808, at \*4 (N.D. Cal. Aug. 22, 2013); *see also Erickson v. Microaire Surgical Instruments LLC*, 2010 WL 1881946, at \*2 (W.D. Wash. May 6, 2010) (recognizing that a subpoena served pursuant to Rule 45 "is subject to the relevance requirements set forth in Rule 26(b)"); *Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D. Va. 1992) (noting that "the scope of discovery from a nonparty by means of a subpoena *duces tecum* under Rule 45 is coextensive with that of a motion for production from a party under Rule 34").  Thus, pursuant to Rule 26(b), the scope of a subpoena issued pursuant to Rule 45 is limited to "nonprivilged matter that is relevant to any party's claim or defense."  *Smyth v. Merchants Credit Corp.*, at 2013 WL 5200811, \*2 (W.D. Wash. Sept. 16, 2013).

"[A] party may move to quash or modify third party subpoenas when its own privacy interests may be implicated."  *Bite Tech, Inc. v. X2 Impact, Inc.*, 2013 WL 195598, at \*2 (W.D. Wash. Jan. 17, 2013).  "Parties are also permitted to seek a protective order from the presiding court in order to restrict the party seeking discovery from asserting certain requests from third parties."  *Id.; see also Becker v. Precor, Inc.*, 2009 WL 30136556, at \*4 (W.D. Wash. Sept. 16, 2009) (ruling that the court had jurisdiction over the party issuing the subpoena on the opposing party's motion for a protective order to keep the issuing party from seeking certain discovery from third parties); *In re Ashworth, Inc. Securities Litigation*, 2002 WL 33009225, at \*1 (S.D. Cal. May 10, 2002) (noting that courts in the Ninth Circuit

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

1   recognize that parties "have standing to seek a protective order against [the other party's]

2   attempt to obtain overbroad and irrelevant discovery from third parties based on their status as

3   parties").

4        Because the documents sought in the Subpoenas implicate NoMoreRack's privacy

5   interests and because the document requests are facially over-broad, seek irrelevant

6   information and information protected by the federal Stored Communications Act, 18 U.S.C.

7   §2701, *et seq.*, NoMoreRack respectfully requests that this Court enter a protective order

8   prohibiting Nordstrom from asserting these improper requests.

9   **B.**    **The Information Sought in the Facebook and Google Subpoenas is protected by**

10          **the federal Stored Communications Act.**

11        The federal Stored Communications Act ("*SCA*") provides that "a person or entity

12   providing an electronic communication service to the public shall not knowingly divulge to

13   any person or entity the contents of a communication while in electronic storage by that

14   service." 18 U.S.C. §2701(a)(1). It is well-established that civil subpoenas issued pursuant to

15   Federal Rule 45 are subject to the prohibitions of the SCA. *See Optiver Australia Pty. Ltd &*

16   *Anor. V. Tibra Trading Pty. Ltd. & Ors.*, 2013 WL 256771, at *1 (N.D. Cal. Jan. 23, 2013)

17   ("By now it is well-established that civil subpoenas . . . are subject to the prohibitions of the

18   Stored Communications Act"); *Obodai v. Indeed, Inc.*, 2013 WL 1191267, at *2 (N.D. Cal.

19   Mar. 21, 2013) (noting that "[c]ivil subpoenas are subject to the prohibitions of the Stored

20   Communications Act").

21        Facebook is an electronic communication service and the postings and messages

22   transmitted through it constitute electronic storage within the meaning of the SCA. *See*

23   *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 980-82 (C.D. Cal. 2010). Indeed,

24   "[t]he case law confirms that civil subpoenas may not compel production of records from

25   providers like Facebook." *In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012).

26

27

DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER ON PLAINTIFFS' SUBPOENAS DUCES
TECUM
(NO. 2:12-CV-01853-RSM) - 5
5517/001/274500.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

1   Therefore, Facebook is prohibited by the SCA from producing or disclosing the contents of

2   any postings or messages.

3        Here, Request Nos. 1 & 2 seek "[c]opies of all posts and/or comments relating to

4   NoMoreRack that have appeared on the Facebook site . . ." or which NoMoreRack has

5   "deleted, removed or otherwise caused to be made unavailable from the Facebook site . . . ."

6   Similarly, Request No. 3 seeks "[a]ll documents that mention, discuss, constitute, refer to, or

7   relate to any post or comment that NoMoreRack deleted, removed, or otherwise caused to be

8   made unavailable from the Facebook site . . . ."  Undoubtedly, these Requests seek the content

9   of electronically stored information which Facebook is prohibited from disclosing pursuant to

10  the SCA.  *See, e.g., In re Facebook, Inc.*, 923 F. Supp. 2d at 1206 (granting Facebook's motion

11  to quash a subpoena seeking a Facebook user's account information because it violated the

12  SCA); *Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.2d 726, 730 (9th Cir. 2011); *Crispin*, 717

13  F. Supp. 2d at 991 (holding that Facebook is an electronic communications service and subject

14  to the SCA).  Accordingly, NoMoreRack's Motion for a Protective Order should be granted to

15  the extent the Facebook Subpoena seeks documents protected by the SCA.

16       Similarly, Google is also an electronic communication service under the SCA.  *See*

17  *Chevron Corp. v. Donziger*, 2013 WL 4536808, at *6 (N.D. Cal. Aug. 22, 2013).  The breadth

18  of Nordstrom's document requests sought in the Google Subpoena could conceivably include

19  "the contents of a communication while in electronic storage."  For example, Request No. 3

20  seeks all documents that "mention" or "discuss" the demographics of NoMoreRack customers

21  or potential customers.  This Request is so broad that it could encompass email

22  communications between users of Google's Gmail discussing a recent purchase on the

23  NoMoreRack website.  Thus, to the extent the Google Subpoena encompasses such

24  communications, this Court should enter a protective order prohibiting Nordstrom from

25  obtaining such documents.

26

27

DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER ON PLAINTIFFS' SUBPOENAS DUCES
TECUM
(NO. 2:12-CV-01853-RSM) - 6
5517/001/274500.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

**C.    The Subpoenas impose undue burden on Facebook, Google and the BBB because they are facially over broad and seeks information not relevant to this litigation.**

"Over broad subpoenas seeking irrelevant information may be quashed or modified." *Century Sur. Co. v. Master Design Drywall, Inc.*, 2010 WL 2231890, at *1 (S.D. Cal. June 2, 2010) (recognizing that a court must quash a subpoena if it subjects a person to undue burden and noting that "if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition 'undue'").

1.    The Subpoenas are facially over broad.

Facebook Subpoena Request Nos. 1-4 and 6-9 are overly broad on their face as they seek "all documents," "all advertisements," and "all posts and/or comments."  Similarly, Google Subpoena Request Nos. 1-11 seek "all documents" and "all communications" relating to NoMoreRack's and BidRack's advertising and marketing on Google, while BBB Subpoenas Request Nos. 1-10 seek "all documents" relating to communications with or complaints to the BBB regarding NoMoreRack and BidRack.  Requests, such as these, seeking "all" documents are facially over broad and impose an undue burden on the non-party in responding.  *See, e.g.*, *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (granting defendants' motion to quash a Rule 45 subpoena served by plaintiffs on a non-party and finding that the requests regarding "*all* pool winter covers" was facially over broad); *E.E.O.C. v. Evening Entm't Grp. LLC*, 2012 WL 2357261 (D. Ariz. June 20, 2012) (holding that "Defendant's blanket requests for all personnel records from three former [non-party] employers are overbroad on their face and amount to a fishing expedition").

Additionally, a review of the omnibus phrases used in these Requests further reveals their imprecise nature.  For example, a majority of the Requests in each Subpoena seek "all documents that *mention, discuss, constitute, evidence, refer to, or relate to*" a broad category of information.[7]  (emphasis added).  Not only are these phrases alone overly broad, but the

---

[7] *See* Facebook Subpoena Request Nos. 3-4, 7, 9; Google Subpoena Request Nos. 1, 3, 5-7, 10-11; BBB Subpoena Request Nos. 1-10.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ON PLAINTIFFS' SUBPOENAS DUCES TECUM
(NO. 2:12-CV-01853-RSM) - 7
5517/001/274500.1

1   Subpoenas further define "RELATE TO" or "RELATING TO" as including "any information

2   concerning, comprising, identifying, summarizing, evidencing, containing, discussing,

3   mentioning, describing, reflecting, comparing, analyzing, memorializing or pertaining in any

4   way to the subject matter of the discovery request in which such term is used."

5        Indeed, "[c]ourts may find requests overly broad when they are 'couched in such broad

6   language as to make arduous the task of deciding which of numerous documents may

7   conceivably fall within [their] scope.'" *W. Res., Inc. v. Union Pac. R. Co.*, 2002 WL 1822430,

8   at *2 (D. Kan. July 23, 2002).  "Use of broad terms such as 'relate to' or 'relating to' provides

9   no basis upon which an individual or entity can reasonably determine what documents may or

10  may not be responsive." *Id.* (holding that use of "the phrases 'relate to' and 'relating to' do not

11  modify a specific type of document, but rather all documents; thus, their very use make the

12  requests overly broad on their face"); *see also Lopez v. Chertoff*, 2009 WL 1575214, at *2

13  (E.D. Cal. June 2, 2009) ("The use of the words 'relating to' and 'referring to' are overly broad

14  because Defendant does not have reasonable notice of what is called for and what is not.").

15  The use of these all-encompassing, omnibus phrases unquestionably renders the Requests set

16  forth above facially overbroad.  Facebook, Google and the BBB would be required to "engage

17  in mental gymnastics to determine what information may or may not be remotely responsive."

18  *Aikens v. Deluxe Financial Services, Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).   As such,

19  NoMoreRack's Motion for a Protective Order should be granted.

20        2.   <u>The Subpoenas seek information that is neither relevant nor likely to lead to the</u>

21  <u>discovery of admissible evidence.</u>

22        The Subpoenas impose further undue burden on Facebook, Google, and the BBB

23  because the information sought by Nordstrom is neither relevant to this action nor reasonably

24  calculated to lead to the discovery of admissible evidence.  For example, Facebook Subpoena

25  Request No. 5 seeks documents sufficient to identify the number of users who "like"

26  Nordstrom's Facebook pages and the number of users who "like" NoMoreRack's Facebook

27

DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER ON PLAINTIFFS' SUBPOENAS DUCES
TECUM
(NO. 2:12-CV-01853-RSM) - 8
5517/001/274500.1

1    pages.  Yet, the number of Facebook users who "like" the parties' Facebook page has

2    absolutely no relevance to the underlying claims or defenses.

3          Moreover, Google Subpoena Request Nos. 7-11 and BBB Subpoena Request Nos. 2, 4,

4    and 6 seek documents and communications relating to BidRack, which is neither a party to this

5    case, nor related in any material way to this litigation.  As such, information relating to

6    BidRack is irrelevant to the parties' claims or defenses.

7          Google Subpoena Request No. 4 seeks "all communications between NoMoreRack and

8    Google" which is clearly not relevant to this litigation, particularly in light of the fact that the

9    Request fails to limit the temporal scope or narrow the subject-matter of the sought-after

10   communications.  Similarly, BBB Subpoenas Request Nos. 8-9 seek all documents relating to

11   any communications between the BBB and any other person mentioning or referring to Mitch

12   Platt and Clayton Douglass.  Neither individual has been identified by the parties as having

13   discoverable information nor is either individual relevant to this litigation.

14         As outlined above, these Requests are not relevant to this litigation or likely to lead to

15   the discovery of admissible evidence.  Given their lack of relevance and over breadth, the

16   Subpoenas are nothing more than thinly-veiled fishing expeditions.  *See Emara v. Multicare*

17   *Health Sys.*, 2012 WL 5205950, at *3 (W.D. Wash. Oct. 22, 2012) (noting that "[a]lthough the

18   discovery rules are admittedly broad, they do not condone 'fishing expeditions'" and finding

19   that the "mere hope that the requested employment documents contain information that might

20   prove to be relevant later at trial is insufficient [to establish relevance]"); *Reid v. Ingerman*

21   *Smith LLP*, 2012 WL 6720752, at *2 (E.D.N.Y. Dec. 27, 2012) (declining "to require full

22   disclosure of all materials contained in plaintiff's social media accounts because not all

23   postings will be relevant to her claims"); *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387,

24   389 (E.D. Mich. 2012) (recognizing that "the request for the entire [Facebook] account, which

25   may well contain voluminous personal material having nothing to do with this case, is overly

26

27

1  broad").  Accordingly, Nordstrom should be restricted from seeking such improper discovery
2  from non-parties.

3                                **III.  CONCLUSION**

4          For the foregoing reasons, and those which may be set forth during oral argument,
5  Defendants NoMoreRack.com, Inc. and NoMoreRack Retail Group, Inc. respectfully request
6  that the Court enter a protective order prohibiting Plaintiffs Nordstrom, Inc. and NIHC, Inc.
7  from obtaining the documents sought in the subpoenas *duces tecum* issued to Facebook, Inc.,
8  Google, Inc. and the Better Business Bureaus of Metropolitan New York and Delaware; and
9  grant Defendants such other and further relief as the Court deems just and appropriate.

10

11         Dated this 30th day of September, 2013.

12                                          ODIN FELDMAN PITTLEMAN PC

13                                          By:  */s/Jonathan D. Frieden*
                                            Stephen Cobb (admitted *pro hac vice*)
14                                          stephen.cobb@ofplaw.com
                                            Jonathan D. Frieden (admitted *pro hac vice*)
15                                          Jonathan.frieden@ofplaw.com
                                            1775 Wiehle Ave, Ste 400
16                                          Reston, VA 20190
                                            Phone:  703.248.2100
17                                          Fax:  703.218.2160

18
                                            TOUSLEY BRAIN STEPHENS PLLC
19

20                                          By:  */s/Chase C. Alvord*
                                            Chase Alvord, WSBA #26080
21                                          calvord@tousley.com
                                            1700 Seventh Avenue, Suite 2200
22                                          Seattle, Washington 98101
                                            Phone: 206.682.5600
23                                          Fax: 206.682.2992

24                                          *Attorneys for Defendants*

25

26

27

DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER ON PLAINTIFFS' SUBPOENAS DUCES
TECUM
(NO. 2:12-CV-01853-RSM) - 10
5517/001/274500.1

1

## <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on September 30, 2013, I electronically filed the foregoing with

3   the Clerk of the Court using the CM/ECF system which will send electronic notification to all

4   counsel of record.

5          Dated this 30th day of September, 2013.

6

7                                        ODIN FELDMAN PITTLEMAN PC

8                                        By:  */s/Jonathan D. Frieden*
                                         Jonathan D. Frieden (admitted *pro hac vice*)
9                                        Jonathan.frieden@ofplaw.com
                                         1775 Wiehle Ave, Ste 400
10                                       Reston, VA 20190
                                         Phone:  703.248.2100
11                                       Fax:  703.218.2160

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER ON PLAINTIFFS' SUBPOENAS DUCES
TECUM
(NO. 2:12-CV-01853-RSM) - 11
5517/001/274500.1